**Alexandria**
RICHARD JOHN DZIARNOWSKI
v.
JAMIE DZIARNOWSKI
No. 0018-91-4
Decided June 23, 1992

COUNSEL

Robert J. Surovell (Anne Steele; Surovell, Jackson, Colten & Dugan, on briefs), for appellant.

Steve N. Luxford (Steve N. Luxford, P.C., on brief), for appellee.

OPINION

**DUFF, J.**—Richard J. Dziarnowski (husband) appeals a final order of the Fairfax County Circuit Court denying his petition to terminate spousal support to his former wife, Jamie Dziarnowski. Although we find no merit in the trial court's distinction between a proffer and an exchange of documents, we affirm on other grounds.

## I.

The record reveals that on October 13, 1988, Richard and Jamie Dziarnowski entered into a property settlement agreement (hereinafter "agreement") that was drafted by husband's former counsel. This agreement was incorporated into a final decree of divorce entered by the Fairfax County Circuit Court on December 30, 1988.

The agreement provides for a mutual exchange of income information at the beginning of each year, in order to adjust spousal support in accordance with a specified formula. Section 10(d)(2)(b)[1] of the agreement reads in part as follows:

> *Duties of mutual (and timely) exchange of all of our respective W-2, 1099 and K-1 Forms.* Throughout the said period during which spousal support may thus be payable by Dick to Jamie, from and after 1990, by February 15 of each year, we each shall proffer to the other complete and fully legible copies (one each) of each of our respective W-2, 1099 and K-1 Forms theretofore received by each of us relating to

the prior calendar year. . . . The "penalties" for failure to comply with these requirements, . . ., are described in subparagraphs 10d(2)(b)[2][d] and [e] hereinbelow.

The agreement also contains a provision imposing penalties on the party who fails to meet his or her obligations to exchange the above information. According to § 10(d)(2)(b)[2][e]((2)) of this agreement, "[if] JAMIE should fail to comply with the said requirements thereafter, she shall be deemed to have waived her rights to receipt of spousal support hereunder." The requirements mentioned refer to the parties' obligations to exchange income information.

The wife failed to proffer any income documents prior to February 15, 1990. Thereafter, husband made an additional support payment to the wife. After the husband sent this payment, he sent the wife a letter specifically requesting the documents referred to above. Husband then ceased paying the wife spousal support.

On May 25, 1990, the wife filed a petition for a show cause order, seeking to hold husband in contempt for failure to pay spousal support. On August 1, 1990, husband demurred to this order and filed a petition to terminate spousal support pursuant to the terms of the agreement.

At the August 30, 1990 hearing, the circuit court held that the wife's failure to proffer income documents by February 15, 1990, had not caused a forfeiture of her spousal support rights pursuant to the agreement. A motion for reconsideration was denied, and the husband's petition was dismissed pursuant to a final order, entered January 3, 1991. Husband then noted this appeal.

## II.

Husband contends that § 10(d)(2)(b)[1] of the agreement provides for a timely exchange of income information in order to implement the annual adjustment of spousal support. He argues that the clear meaning of this paragraph requires each party to provide the other party with the mentioned documents by February 15 of each year; failure to do so invokes the penalties described in subparagraphs 10(d)(2)(b)[2][d] and [e] of the agreement.

Wife failed to proffer her income documents by February 15. Husband contends that she therefore breached the agreement. At

trial, the court found that the wife "failed to comply with the terms of the property settlement agreement by proffering the information." The court then went on to distinguish between a "proffer" and an "exchange." We agree with the husband that this distinction is illusory. The agreement creates a process of mutually "proffering" documents and sets forth penalties for the failure to do so.

The wife contends that she was unaware of any obligation to send husband 1099 forms in addition to W-2 forms. Because she had no W-2 income for the year in question, she delivered neither document. Upon notification by counsel that she was obligated to send 1099 forms to husband, wife immediately did so within one month of the February 15 proffer deadline date. However, the agreement plainly states that both parties are required to exchange their respective W-2, 1099 and K-1 Forms before February 15 of each year. This requirement is underlined in paragraph 10(d)(2)(b)[1] of the agreement and is restated throughout the rest of the corresponding provisions. The wife had the benefit of counsel before she signed the agreement and, therefore, cannot claim ignorance of its terms.

██ "Property settlement and support agreements are subject to the same rules of construction and interpretation applicable to contracts generally." *Fry v. Schwarting*, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987) (citing *Tiffany v. Tiffany*, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985)). "Ordinarily, time is not of the essence of a contract unless made so by its terms or unless it is an element of a mere condition precedent." 4B Michie's Jurisprudence *Contracts* § 59 (1986). The question before us is whether time was of the essence in the mutual proffering of the documents at issue here. We hold that it was not. The agreement requires an exchange of documents, but does not expressly state that time is of the essence. We hold that the penalty provisions do not require a finding of waiver of spousal support merely because a one-month delay occurred in the delivery of income documents.

We further hold that the waiver of support penalty set forth in clause [e] was intended to apply only in the event a complete failure to provide documents occurred. Here, the wife did proffer the documents, although not before the specified deadline. A continuing and willful or intentional failure to comply with the proffer requirements would activate the waiver penalty. No such circum-

stances exist in this case. Wife accomplished the exchange within a month of the agreed date, after insistence by the husband that she do so. The very fact that the husband requested these documents after the deadline passed supports our determination that time was not of the essence in making this exchange.

■ Furthermore, we find that the husband waived the issue of wife's non-compliance by making the March 1, 1990 support payment and by insisting that the wife proffer the income documents after the February 15, 1990 due date. "Even where time is of the essence, a breach of the contract in that respect by one of the parties may be waived by the other party's subsequently treating the contract as still in force." 4B Michie's Jurisprudence *Contracts* § 56 (citing *Goldstein v. Old Dominion Peanut Corp.*, 177 Va. 716, 726, 15 S.E.2d 103, 106 (1941)). Husband's demand for these documents after the deadline passed constituted a waiver of his right to invoke the penalties of §10(d)(2)(b)[2][e]((2)).

■ The trial court never reached the issue of waiver, although it was raised by wife, because that issue was moot after the court resolved the first issue in favor of the wife. "Nevertheless, on appeal if all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court." *Fry v. Schwarting*, 4 Va. App. at 180, 355 S.E.2d at 346 (citing *Wilson v. Holyfield*, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)).

■ When a trial court reaches the correct result for the wrong reason, its judgment will be upheld on appeal. *Clark v. Commonwealth*, 3 Va. App. 474, 481, 351 S.E.2d 42, 45 (1986) (citing *Thims v. Commonwealth*, 218 Va. 85, 93, 235 S.E.2d 443, 447 (1977), *aff'd on other grounds*, 235 Va. 287, 367 S.E.2d 483 (1988)). We hold that the wife's late proffer of income documents did not forfeit her right to spousal support under the agreement, both because time was not of the essence in accomplishing that exchange and because the husband waived any right to invoke the penalties in clause [e] of the agreement by his continuing request for those documents beyond the stated deadline.

Accordingly, the ruling of the trial court is affirmed in all respects.

*Affirmed.*

Baker, J., and Elder, J., concurred.