COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


SUSAN B. EARLY
                                        MEMORANDUM OPINION[*]
v.          Record No. 2038-95-4              PER CURIAM
                                          APRIL 9, 1996
M. THOMPSON EARLY, JR.


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      M. Langhorne Keith, Judge

            (Edward J. Walinsky; Marcia F. Ruff; Shoun &
            Bach, P.C., on briefs), for appellant.

            (Ronald D. Jacobs; Jay M. Eisenberg; Weinberg &
            Jacobs, on brief), for appellee.


     Susan B. Early (wife) appeals the decision of the circuit

court on her Rule to Show Cause.  Wife contends that the trial

court erred in interpreting the amended Voluntary Separation and

Property Settlement Agreement (Agreement) signed by wife and M.

Thompson Early, Jr., (husband), which was incorporated into their

divorce decree.  Specifically, wife contends that the trial court

erroneously modified the parties' Agreement; incorrectly assessed

the dental reimbursements for which husband was responsible;

granted relief that was not requested, by requiring wife to seek

reimbursements within a "reasonable" time; and abused its

discretion by awarding wife an insufficient amount of attorney's

fees.  Upon reviewing the record and briefs of the parties, we

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

### Modification of Agreement

Wife contends that the trial court impermissibly added terms to the parties' Agreement.  We disagree.  We note that "on appeal if all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained by this court."  Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).

Under the Agreement, husband was responsible for wife's "medical expenses."[1]  While the evidence established that wife

---

[1]  The parties' Agreement stated, in pertinent part:

> A.  The Husband shall be responsible for all of the medical, hospitalization, and dental expenses incurred by the wife during her life . . . .  The Husband shall have the right and option to procure such reasonable health and dental insurance as he shall select for the Wife in order to, in part, satisfy this obligation.

If wife was able to obtain less expensive insurance coverage, she was required to do so and "husband's obligation herein shall be reduced to the payment of the cost of such insurance coverage plus those portions of the Wife's medical, hospitalization and/or dental expenses not covered by such insurance."  The parties amended their agreement to add the following provision:

> Payment by husband of the medical, hospitalization, and dental expenses incurred by the wife which are not covered by insurance shall be effected within 30 days following receipt by husband of a statement or invoice as to same.  The wife, upon receipt by her of reimbursement for covered medical, hospitalization, and dental expenses

2

needed corrective lenses, wife's eye doctor testified that there was no reason "why she requires contact lenses as opposed to any other kind of lens." The trial court determined that, while wife was entitled to reimbursement for eye examinations and eye glasses, she had failed to prove that costs associated with her contact lenses were medical, rather than cosmetic, expenses. By doing so, the trial court did not impermissibly add a new standard of medical necessity to the parties' Agreement. Instead, the trial court interpreted the existing language of the parties' Agreement and concluded that wife's contact lenses were not a medical expense. We find no error in the trial court's ruling.

Similarly, we do not find that the trial court imposed additional duties on wife when it determined that wife's actions prohibited husband from exercising his option to obtain insurance coverage for her dental expenses. Under their Agreement, each party agreed that

> he or she will, at all times in the future, upon the reasonable request and at the expense of the other, execute and deliver to the other all additional and further assurances of any nature which may be

---

> from the insurance carrier as to expenses paid by husband, shall forward said reimbursement check to the husband within 30 days following her receipt of same. The wife shall provide the husband annually with a copy of the wife's health insurance policy, coverage options and premium cost.

3

> necessary or desirable to fully consummate
> and carry out the intent of this Agreement.

Although husband sought to provide coverage in February 1992, wife took no steps to complete the dental insurance forms necessary for husband to obtain the insurance coverage and did not inform husband until November 1993 of the reasons she found the proposed coverage unacceptable. Wife had an affirmative obligation under the Agreement to respond to husband's attempt to obtain insurance coverage. Therefore, the trial court did not impose an additional duty on wife or otherwise modify the parties' Agreement.

### Alleged Admissions

Husband's settlement offer to pay certain dental and eye care expenses did not translate into an admission of what was due under the terms of the agreement. Therefore, wife's reliance on Massie v. Firmstone, 134 Va. 450, 114 S.E. 652 (1922), is misplaced.

The trial court was entitled to determine whether wife's actions mitigated husband's obligations to cover her dental expenses. We cannot say the trial court's decision that husband pay the co-payments wife would have received under the plan was error.

### Relief Requested

The Rule to Show Cause forced the trial court to consider what constituted compliance under the parties' Agreement. Husband repeatedly asked the court to provide guidance so that

4

the parties could function under the Agreement. While Code § 20-109 prohibits the entry of any decree or order except in accordance with the parties' Agreement,

> Code § 20-109 only restricts the action a trial court may take where the parties have agreed upon a matter. Code § 20-109 does not prohibit a trial court from ordering a course of action upon a matter that the parties do not address in their property settlement agreement, provided the court is not otherwise precluded from doing so and the course of action is appropriate.

Sanford v. Sanford, 19 Va. App. 241, 250, 450 S.E.2d 185, 191 (1994). Moreover, courts of equity may impose time restrictions not otherwise applicable under the terms of an agreement when "'it necessarily follows from the conduct of the parties or the nature and circumstances of the agreement.'" Wood v. Wood, 216 Va. 922, 924, 224 S.E.2d 159, 161 (1976) (citation omitted). Cf. Dziarnowski v. Dziarnowski, 14 Va. App. 758, 418 S.E.2d 724 (1992).

We agree with the trial court's conclusion that the Agreement was "silent as to the timing of [wife's] requests for medical expense reimbursement." The trial court's decision conformed with the relief sought by husband and was necessitated by the issues and the course of the parties' dealings.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. Graves v. Graves, 4 Va. App.

326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court found that wife was not entitled to all costs she sought. Both parties admitted that the attorney's fees expended were disproportionate to the costs at issue. Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.