COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


OVERHEAD DOOR COMPANY OF NORFOLK AND
 HARTFORD FIRE INSURANCE COMPANY
                                              OPINION BY
v.        Record No. 0597-98-2       JUDGE LARRY G. ELDER
                                             JANUARY 26, 1999
DANIEL LEE LEWIS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              S. Vernon Priddy, III (Sands, Anderson,
              Marks & Miller, on brief), for appellants.

              No brief or argument for appellee.



     Overhead Door Company of Norfolk and Hartford Fire Insurance

Company (collectively referred to as employer) appeal from a

decision of the Workers' Compensation Commission denying

employer's request to terminate or suspend an award of benefits

payable by employer to Daniel Lee Lewis (claimant).  Employer

contends that claimant, who sustained his compensable injuries as

a result of third-party negligence, failed to consult employer

before settling a legal malpractice claim with an attorney whose

negligence prevented claimant from recovering on the third-party

claim.[1]  Employer contends the commission erred (1) in failing to

---

[1] Employer filed an earlier application for hearing seeking to terminate claimant's benefits on grounds not directly related to this appeal.  In Overhead Door Co. of Norfolk v. Lewis, 22 Va. App. 240, 468 S.E.2d 700 (1996), a panel of this Court held that the negligence of claimant's attorney in the third-party suit, which resulted in employer's loss of its subrogation rights, could not be imputed to claimant and, therefore, would not serve as a basis for termination of benefits.

exercise its equitable powers to prevent claimant from realizing a double recovery; (2) in holding that employer had to have a valid lien on the malpractice settlement proceeds before the commission had power to grant the termination or credit employer sought; (3) in applying res judicata and/or collateral estoppel, based on prior circuit court rulings regarding employer's entitlement to a lien, to bar the application for termination or suspension of benefits; (4) in refusing to terminate claimant's claim after he settled his legal malpractice claim without employer's authorization; and (5) in issuing an opinion under the names of Commissioners Tarr, Dudley and Diamond, when the panel before which the parties argued consisted of Commissioners Tarr and Dudley and Chief Deputy Commissioner Link. For the reasons that follow, we affirm the commission's ruling.

I.

FACTS

While working for employer in 1990, claimant was injured in a motor vehicle accident in North Carolina due to the negligence of a third party. The commission entered an award for benefits, and claimant hired an attorney to pursue an action against the third party tortfeasor. The attorney failed to have the suit served in a timely fashion, and claimant's negligence action was dismissed with prejudice.

Claimant filed a malpractice action in the Virginia Beach Circuit Court against the attorney and his law firm. Employer

filed a notice of lien on the malpractice proceeds in that same court, alleging that it had paid over $120,000 in disability and medical benefits for claimant and that the Workers' Compensation Act (Act) entitled it to such a lien. Claimant and the attorney filed a joint motion to quash employer's notice of lien. They contended that Code §§ 65.2-309 and 65.2-310 provide an employer with subrogation rights when the injured employee recovers from a third party who caused the injury but that those code sections do not provide subrogation rights when the employee seeks damages from a party who did not cause the employee's injury. After considering the parties' pleadings and arguments, the trial court granted the motion to quash,[2] and claimant and the attorney settled the malpractice suit.

Employer petitioned the Virginia Supreme Court for an appeal of the trial court's order quashing the lien. On September 8, 1995, the Court denied the petition on the merits, finding "no reversible error."

While awaiting the outcome of its appeal, employer pursued two other potential avenues for recovery. It filed an independent action for malpractice against the attorney in the Richmond Circuit Court, which was dismissed on the attorney's motion for summary judgment.[3] It also filed an application for

[2] No transcript of any proceedings before the Virginia Beach Circuit Court appears in the record.

[3] Employer indicates on brief to this Court that the Supreme Court also refused its petition for appeal on this ruling.

hearing before the commission, the same application on which the current appeal is based, alleging that claimant's failure to obtain employer's consent prior to settling the malpractice claim prejudiced employer's "statutory assignment and subrogation rights" and seeking termination or suspension of benefits. Claimant contended that employer raised the same issue already ruled on by the Virginia Beach Circuit Court and that res judicata and/or collateral estoppel therefore barred employer's application. Following briefs submitted by the parties in December 1995, the deputy commissioner issued an opinion adopting employer's arguments and suspending claimant's benefits. On appeal, following oral argument, the full commission issued an opinion reversing the deputy commissioner's suspension of benefits. It held that (1) absent a lien, the commission could not enforce any subrogation rights and that res judicata and collateral estoppel applied to bar any credit or suspension of benefits because the circuit courts already had concluded that no valid lien existed, and (2) because of the circuit courts' rulings, employer had no legally enforceable right which was prejudiced when claimant settled the malpractice claim without consulting employer.

II.

ANALYSIS

A.

COMMISSION'S AUTHORITY TO TERMINATE OR SUSPEND BENEFITS

- 4 -

Code § 65.2-309(A) provides, in relevant part, as follows: A claim against an employer under this title for injury or death benefits shall operate as an assignment to the employer of any right to recover damages which the injured employee, his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party.

"The purpose of the statute is to reimburse an employer who is compelled to pay compensation as a result of the negligence of a third party and to prevent an employee from obtaining a double recovery of funds." Tomlin v. Vance Int'l, Inc., 22 Va. App. 448, 452, 470 S.E.2d 599, 601 (1996). Under Code § 65.2-310, an employer may petition the court for a lien against the third-party judgment in the amount of compensation and other benefits employer has paid. If the employee impairs the employer's right of subrogation by settling the claim without the employer's knowledge and consent, even when the employer has general knowledge that the third-party action is pending, employer may be entitled to a termination of the employee's benefits under the Act. See Green v. Warwick Plumbing & Heating, 5 Va. App. 409, 411, 364 S.E.2d 4, 6-7 (1988).

We hold that the commission did not err in concluding it lacked authority to provide the requested relief pursuant to Code §§ 65.2-309 and 65.2-310. In employer's earlier appeal of the circuit court's denial of its request for a lien, the Virginia

Supreme Court denied employer's petition on the merits. See Harward v. Commonwealth, 5 Va. App. 468, 476, 364 S.E.2d 511, 515 (1988) (noting that "'decision to . . . refuse a petition for writ of error is based upon . . . the merits of the case'" (quoting Saunders v. Commonwealth, 214 Va. 697, 700, 204 S.E.2d 421, 424 (1974))). This denial constituted a ruling that Code §§ 65.2-309 and 65.2-310 do not permit any employer to obtain a lien on proceeds from a legal malpractice suit under the facts of this case. See id. (noting that "doctrine . . . appl[ies] even when 'the precise issue involved' resulted in denial of a petition for a writ of error in a separate case'" (quoting Stillwell v. Commonwealth, 219 Va. 214, 226, 247 S.E.2d 360, 368 (1978))). But see Williams v. Katz, 23 F.3d 190, 192-94 (7th Cir. 1994) (holding, under similar Illinois statute, that employer was entitled to lien on legal malpractice proceeds, which had been awarded in lieu of damages for medical malpractice resulting from treatment for compensable injury); Bongiorno v. Liberty Mut. Ins. Co., 630 N.E.2d 274, 277-78 (Mass. 1994) (holding, under similar statute, that general intent of legislature permitted employer to obtain lien on legal malpractice proceeds recovered by employee in lieu of damages from third-party tortfeasor); see also Toole v. EBI Cos., 838 P.2d 60, 65-66 (Or. 1992) (en banc); Frazier v. New Jersey Mfrs. Ins. Co., 667 A.2d 670, 674-76 (N.J. 1995). Therefore, claimant had no duty under the Act to consult with employer prior to

settling the malpractice claim, and the commission had no authority under the Act to terminate claimant's benefits or give employer a credit for the amount of the malpractice proceeds. See also Code § 65.2-310 (providing that, in any third-party action by an employee which results in a judgment, the court shall ascertain the amount of benefits paid by employer under the Act and order the third party to pay this amount directly to employer prior to paying the employee); Jones v. Arlington Hosp., 61 O.I.C. 252, 253 (1982) (holding that whether employer has a valid lien on judgment against third-party tortfeasor is determination for court, not commission).

Because we affirm the commission's ruling based on the precedential impact of the Supreme Court's ruling, we need not consider whether the commission erroneously applied the doctrines of res judicata or collateral estoppel to bar employer's request for relief. See, e.g., Dziarnowski v. Dziarnowski, 14 Va. App. 758, 762, 418 S.E.2d 724, 726 (1992) (upholding right result on appeal, even if reached for wrong reason).

Employer nevertheless contends that the commission had, and wrongly failed to exercise, the equitable power to award employer such a credit even in the absence of a lien. We reject this argument. On appeal to this Court, employer cites various cases from this Court and the Virginia Supreme Court, asserting the "ample power [of the commission] to do complete justice in each

case."[4]   These cases deal with the doctrine of imposition, which has evolved as a method by which the commission may exercise its equitable power,[5] although employer did not expressly mention this doctrine as a basis for its request.  As we have noted repeatedly, the doctrine of imposition focuses on a party's or the commission's "use of superior knowledge [of, or] experience with[,] the . . . Act or use of economic leverage, which results in an unjust deprivation" of benefits under the Act or an unjust application of the Act's provisions.  See Butler v. City of

---

[4]   Employer also cites two commission cases.  We find those decisions factually distinguishable and, in any event, they would not be binding on this Court.

[5]   The Supreme Court discussed these equitable principles in Harris v. Diamond Construction Co., 184 Va. 711, 36 S.E.2d 573 (1946).  In that case, the Court was presented with the issue of whether the commission had the implied power to review and vacate an award upon a petition presented after expiration of the normal statutory review period.  It concluded that

> when the General Assembly established the [commission] for the summary disposition of cases arising out of industrial accidents, it intended that that tribunal should have jurisdiction to do full and complete justice in each case.  It granted to the [c]ommission the power and authority not only to make and enforce its awards, but to protect itself and its awards from fraud, imposition and mistake.

Id. at 720, 36 S.E.2d at 577.  As a result, the Court held that "the [commission] has the implied power, incidental to those [powers] expressly granted [by the legislature], to entertain and hear an application, seasonably presented, to vacate and set aside an award procured through fraud or mistake."  Id. at 721, 36 S.E.2d at 578.  It also held that "[w]hether an application is seasonably made must necessarily depend upon the facts and circumstances of the particular case" and is not dependent upon a statutory period for reconsideration or review.  Id.

Virginia Beach, 22 Va. App. 601, 605, 471 S.E.2d 830, 832 (1996).

In every case in which this Court or the Virginia Supreme Court has applied the doctrine of imposition, however, the commission either (1) could have exercised jurisdiction under the Act to render the requested result but did not formally obtain it due to the failure of a party to perform some act in a timely fashion[6] or (2) actually exercised its jurisdiction under the Act to enter an award but later learned that the award was erroneous due to some misinformation.[7] We are unaware of any Virginia appellate cases applying the doctrine of imposition to permit the commission to exercise jurisdiction or to grant a form of relief never authorized by the Act under any circumstances, and we are unwilling to give the doctrine such an interpretation under the facts of this case. In any event, the doctrine would be inapplicable because the benefit accruing to the claimant in this case did not result from his use of superior knowledge or

---

[6] In Avon Products, Inc. v. Ross, 14 Va. App. 1, 7-8, 415 S.E.2d 225, 228-29 (1992), we applied the doctrine to permit entry of an award on an application for change in condition where the employer mistakenly represented to the claimant that it timely had filed all documents necessary to assure entry of the award. See also Odom v. Red Lobster # 235, 20 Va. App. 228, 234-35, 456 S.E.2d 140, 143-44 (1995) (applying imposition to permit claimant's late filing of claim where acts of employer and commission had led her to believe timely claim had been filed).

[7] In John Driggs Co. v. Sommers, 228 Va. 729, 734-35, 324 S.E.2d 694, 697-98 (1985), the Court applied the doctrine to modify an award in order to relieve the claimant of an erroneous average weekly wage calculation prepared by the employer because the calculation "substantially deviate[d] from the statutory guidelines."

- 9 -

experience with the Act or economic leverage.  Finally, employer has cited no other statute or legal principle supporting the result it seeks.  In the absence of such citation, we conclude that the commission did not err in failing to exercise equitable authority separate from Code §§ 65.2-309 and 65.2-310 to terminate claimant's benefits or award employer a credit against any future benefits.

## B.
## DISCREPANCY IN COMPOSITION OF COMMISSION PANEL
## HEARING ARGUMENT AND ISSUING OPINION

Lastly, employer contends that Commissioner Diamond improperly joined the opinion in this matter because Commissioner Diamond was not present at oral argument.  According to a certified copy of the docket sheet from the commission's November 10, 1997 oral arguments, Chief Deputy Commissioner Link sat in lieu of Commissioner Diamond.  Although acknowledging the commission's authority under Code § 65.2-704(B) to permit a deputy commissioner to participate for an absent commissioner, employer contends that inclusion, in the resolution of a matter, of a commissioner who did not hear oral argument constitutes a denial of due process.

We see no indication in the record that employer presented this argument for the commission's consideration.  Based on the record before us, we have no way of ascertaining whether Commissioner Diamond improperly participated in the deliberations after argument for which she was not present or whether the

inclusion of her name and initials on the opinion was a mere oversight. We recognize that employer was unaware of this alleged problem until the commission issued its written opinion and could not have raised the issue prior to that point, but we see no reason why employer could not have given the commission an opportunity to correct this alleged error prior to appeal. See Code § 65.2-706 (providing that party may appeal award by filing notice within thirty days after entry or receipt of award); Rule 5A:11; see also Anthony v. Coppedge Hauling, Inc., No. 131-71-63 (Va. Workers' Comp. Comm'n June 15, 1995) (on motion for rehearing, vacating full commission's order and referring matter to hearing docket); Cline v. Shenandoah Presbytery Corp., No. 145-59-79 (Va. Workers' Comp. Comm'n Feb. 25, 1994) (same). Employer conceded this fact at oral argument but contended it should be allowed either option--to present the issue to the commission or simply to raise the issue on appeal to this Court.

> Under Rule 5A:18,
> [n]o ruling of the trial court or the
> Virginia Workers' Compensation Commission
> will be considered as a basis for reversal
> unless the objection was stated with the
> grounds therefor at the time of the ruling,
> except for good cause shown or to enable the
> Court of Appeals to attain the ends of
> justice.

This procedural bar applies even to constitutional claims. See, e.g., Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992). Under these principles, we hold that our review of this issue is barred.

For these reasons, we affirm the commission's ruling.

<u>Affirmed</u>.