COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


SHERRI A. ARTRIP
                                    MEMORANDUM OPINION*
v.    Record No. 2711-98-3              PER CURIAM
                                       JUNE 22, 1999
VIRGINIA RETIREMENT SYSTEM


            FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                 Donald A. McGlothlin, Jr., Judge

          (John M. Lamie; Browning, Lamie &
          Sharp, P.C., on briefs), for appellant.

          (Mark L. Earley, Attorney General; James W.
          Osborne, Assistant Attorney General, on
          brief), for appellee.


     Sherri A. Artrip (Artrip) appeals an order of the trial court

which affirmed a decision by the Virginia Retirement System (VRS)

denying her claim for permanent disability retirement.  Artrip

contends that (1) the trial court erred in finding that there was

substantial evidence to support VRS's denial of benefits on the

ground that she failed to prove that her disability was "likely to

be permanent"; and (2) Code § 51.1-156 is vague because it does

not provide adequate standards to guide the determination of

whether a person is "permanently" impaired, and thereby,

unconstitutionally delegates to the Medical Review Board and

private physicians the ability to determine whether such person is

_____
     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

permanently impaired. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the trial court's decision. <u>See</u> Rule 5A:27.

I.

In accordance with well established principles, we view the evidence in the light most favorable to the prevailing party below, VRS in this instance. <u>See</u> <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Artrip, who was born on May 13, 1961, worked for the Department of Motor Vehicles (DMV) from 1988 through September 21, 1995. She has not worked since that date. Artrip's job as an administrative assistant to the District Manager required that she handle miscellaneous administrative duties for the DMV.

On September 26, 1995, Artrip applied for retirement benefits from VRS. She cited chronic fatigue syndrome ("CFS"), Epstein-Barr virus infection, and fibromyalgia as her disabling conditions. Her treating physician, Dr. Dwight L. Bailey, and a rheumatologist, Dr. Christopher R. Morris, opined that Artrip suffered from CFS or fibromyalgia. Dr. Bailey noted Artrip's positive Epstein-Barr test. In his October 3, 1995 physician's report, Dr. Bailey stated that Artrip was totally disabled, but that "disability is undeterminable at this time." Dr. Morris did not comment on the extent of Artrip's disability.

- 2 -

In response to Artrip's application, the Medical Review Board ("the Board") reviewed the medical evidence and held in its February 14, 1996 letter opinion that "'[t]he information submitted does not meet the criteria for a chronic or disabling condition and [Artrip] is not felt to be permanently disabled.'"

On March 2, 1996, Dr. Bailey opined in a letter to VRS that Artrip suffered from CFS and fibrositis. Dr. Bailey stated that "it appears that [Artrip] is going to be permanently disabled from this illness. She has been on multiple medical regimens requiring physical therapy and multiple steroid injections with little improvement." On March 20, 1996, Artrip appealed the Board's February 14, 1996 denial of benefits.

On May 13, 1996, pursuant to VRS's request, Dr. Eric Moffett, a psychiatrist, examined Artrip. Moffett also reviewed the medical records of Drs. Bailey and Morris. Dr. Moffett opined that Artrip's "current level of psychiatric disturbance is not significant enough to warrant her remaining off work." Dr. Moffett declined to comment on the fibromyalgia and/or CFS, as he is not an expert in those areas. Dr. Moffett recommended that Artrip "be encouraged to return to some type of employment to aid with issues of self-esteem and improve her overall psychiatric functioning."

On June 6, 1996, the Board again denied Artrip's claim for benefits finding that she had failed to prove that her conditions

resulted in permanent disability.  Again, Artrip appealed VRS's decision.  On September 25, 1996, Artrip submitted additional evidence from Dr. Bailey.  However, that medical evidence did not shed any light on the precise issue of the extent of Artrip's disability.

On October 14, 1996, R. Louis Harrison, Jr., Esquire, hearing officer for VRS, conducted a fact finding hearing.  At that hearing, Artrip described her CFS and fibromyalgia symptoms.

In a December 28, 1996 psychological evaluation performed by Sharon J. Hughson, Ph.D., a licensed clinical psychologist for the Social Security Administration, Hughson recommended a referral of Artrip to an inpatient Chronic Pain Management Program, but she did not specifically comment on the extent of Artrip's disability.

On March 14, 1997, Dr. Daniel M. Camden examined Artrip at the request of VRS.  Dr. Camden opined that Artrip was currently disabled, but that her disorders were treatable and she was not permanently disabled.  Dr. Camden opined that with appropriate medical and psychiatric treatment, an exercise program, and a reduction in the multiple medications consumed by Artrip, that she had the capacity to return to a reasonably functional state.

On April 2, 1997, the Social Security Administration awarded benefits to Artrip for a period of disability beginning on August 17, 1995 through at least the date of the decision.

Harrison issued his written decision on June 2, 1997. Harrison reviewed the record in detail and determined "that [Artrip] was not likely to be permanently disabled," a finding that VRS adopted in its "final case decision" on June 20, 1997. In affirming VRS's action on appeal, the trial court ruled that "substantial evidence" supported the ruling.

"The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court." Code § 9-6.14:17. VRS is required to use the Board to certify that a claimant's disability "is likely to be permanent." Code § 51.1-156(E)(ii). Our review of this determination asks only whether there was substantial evidence in the agency record to support the holding of the administrative agency. See Code § 9-6.14:17. "The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (citation omitted).

Applying these standards to the record made before the VRS, it is clear that although the physicians who treated or examined Artrip agreed that she suffers from some type of condition, they disagreed concerning the extent of her disability. Significantly, Dr. Moffett opined that Artrip was not permanently disabled from a psychiatric standpoint, and Dr. Camden opined that Artrip's

conditions were treatable and not permanently disabling.  VRS chose to believe the opinions of Drs. Moffett and Camden and to lend less weight to Dr. Bailey's opinions, as it was entitled to do.  See Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) ("The appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses.").  The remaining physicians did not directly comment upon the extent of Artrip's disability.  Guided by the "substantial evidence" standard of review, we find that the opinions of Drs. Moffett and Camden, when considered with the entire record, are adequate to support VRS's decision.  Thus, the trial court did not err in affirming VRS's denial of permanent disability retirement benefits to Artrip.

## II.

Artrip raises this issue for the first time on appeal.  Contrary to her contention on appeal, nothing in the record indicates that at any time before the Board, VRS, or the trial court did she argue that Code § 51.1-156 is vague and unconstitutionally delegates authority to the Board and private physicians, as she does now before this Court.  Accordingly, Rule 5A:18 bars our consideration of this issue.  See also Overhead Door Co. of Norfolk v. Lewis, 29 Va. App. 52, 61-62, 509 S.E.2d 535, 539-40 (1999) (claimant who failed to raise due

- 6 -

process argument before workers' compensation commission barred from raising it for first time on appeal); Parnell v. Commonwealth, 15 Va. App. 342, 349, 423 S.E.2d 834, 838 (1992) (defendant who failed to challenge constitutionality of statute in trial court barred from raising that issue on appeal). Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Artrip's reliance upon the Supreme Court's holding in Almond v. Day, 197 Va. 419, 89 S.E.2d 851 (1955), in support of her argument that this Court should consider her constitutional argument for the first time on appeal, is misplaced. In Almond, the Attorney General petitioned for a writ of mandamus pursuant to Code § 8-714 against the State Comptroller "to determine the validity of [a statute] which appropriat[ed] funds for the 'education of orphans of soldiers, sailors and marines' who were citizens of Virginia and were 'killed in action or died, or who were totally and permanently disabled as a result of service during the World War.'" Id. at 420, 89 S.E.2d at 852. Code § 8-714 (now § 8.01-653) requires consideration of constitutional questions on a writ of mandamus, thereby distinguishing Almond from this case.

For the reasons stated, we affirm the trial court's decision.

Affirmed.