COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Huff and Athey
Argued at Norfolk, Virginia

**UNPUBLISHED**

JUPITER D. WILSON

MEMORANDUM OPINION[*] BY
v.          Record No. 0164-19-1          JUDGE GLEN A. HUFF
NOVEMBER 5, 2019

CITY OF CHESAPEAKE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Jupiter D. Wilson, *pro se*.

Bryan S. Peeples (Robert L. Samuel; Pender & Coward, P.C., on
brief), for appellee.


Jupiter Wilson ("claimant") appeals the decision of the Workers' Compensation

Commission ("Commission") which affirmed Deputy Commissioner Jenkins' opinion granting

claimant partial compensation for two periods in which he was injured.  Claimant asserts three

assignments of error:

1. The Virginia Workers Compensation Commission erred as a
   matter of law by miscalculating Dr. Clifford's Worker's Status
   Report thus causing a payment deficiency and a payment
   delinquency of [claimant's] entitled benefits of which was
   discovered during the summer of 2018, subsequent to the
   Deputy Commissioner Jenkins [sic] Opinion submitted
   February 23, 2017.

2. The Virginia Workers Compensation Commission's failure to
   provide a fair and sufficient explanation to justify payment of
   benefits to known pro se litigant appears as prejudicial to
   [claimant] to the unentitled benefit of [employer].

3. The [employer] and [employer's] counsel Ryan C. Samuel
   either knew or should have known that to apply the Deputy[]
   Commissioner's Opinion under the penalty of perjury would

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

only appear as inaccurate but if sustained could consummate [f]raud.

Because the Commission's factual findings are supported by evidence in the record, and claimant's legal arguments are without merit or beyond the authority of this Court, this Court affirms the review opinion of the Commission.

## I.  BACKGROUND

"On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below."  Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 84 (2005) (*en banc*).  So viewed, the evidence is as follows:

### A.  The July 2015 Injury and Claim

On July 14, 2015, claimant—a firefighter employed by the City of Chesapeake—suffered an injury to his lower back.  Claimant did not return to work until September 7, 2015.  In November 2015, claimant and employer submitted a signed award agreement stipulating that the injury was compensable and agreeing to the rate of compensation.  The agreement provided that employer would compensate claimant at the rate of $975 per week from July 15, 2015 to September 7, 2015.  It further stipulated that claimant had "[r]eceived full salary in lieu of compensation for 07/15/2015 – 08/15/2015."  On December 11, 2015, the Commission approved the award agreement.

### B.  The December 2015 Injury and Claim

On December 31, 2015, claimant suffered another lower back injury.  Claimant did not return to work in any capacity until January 22, 2016, and contended that he did not return to full duty until February 15, 2016.  Employer contested this matter, and it proceeded to a hearing.

Among the medical evidence submitted by claimant was a worker's status report completed by Dr. Clifford.  The report was completed on January 20, 2016 and cleared claimant

for full duty beginning on January 22, 2016.  Corresponding physician notes described claimant's back pain as "resolved" and noted that he was cleared for "[r]egular duty for now."

On February 23, 2017, the deputy commissioner issued an opinion finding claimant's injury to be compensable.  The opinion determined the period of disability to be December 31, 2015 to January 20, 2016.  The deputy commissioner found that there was "no medical evidence to support any periods of disability after January 20, 2016."  Employer was ordered to pay claimant compensation at the rate of $975 per week, subject to limitations provided by Code § 65.2-509.[1]

Claimant did not request review of this determination; employer, however, did.  On June 21, 2017, the Commission issued a review opinion affirming the opinion of the deputy commissioner.  Neither party appealed the Commission's review opinion.

### C.  The November 2017 Claim

On November 1, 2017, claimant filed a new claim for benefits with the Commission arguing that he had not received full compensation for either his July 2015 or December 2015 injuries and claims.  Claimant submitted a subsequent letter to the Commission outlining his position.  As to the July 2015 injury and claim, claimant contended that employer had undercompensated him because it incorrectly credited prior overtime payments.  As to the December 2015 injury and claim, claimant argued that he had only recently become aware that

---

[1] Code § 65.2-509 provides that:

> No compensation shall be allowed for the first seven calendar days of incapacity resulting from an injury except the benefits provided for in § 65.2-603; but if incapacity extends beyond that period, compensation shall commence with the eighth day of disability.  If, however, such incapacity shall continue for a period of more than three weeks, then compensation shall be allowed from the first day of such incapacity.

Deputy Commissioner Jenkins had determined the disability period to have ended on January 20, 2016 instead of January 22, 2016. Claimant contends that this determination was in error because Dr. Clifford's worker's status report stated that he was not cleared to return to full duty until January 22. Ergo, claimant asserted that employer fraudulently under-compensated him because employer was aware of the error in Deputy Commissioner Jenkins' opinion.

A hearing was held, and Deputy Commissioner Jenkins issued an opinion on July 12, 2018, which granted the claim in part. The deputy commissioner split the disability period for the July 2015 injury into two sections. The opinion held the claim of under-compensation for the first period, from July 15 to August 14, 2015, to be barred by *res judicata* because the award agreement stipulated that claimant received full salary in lieu of benefits for that period. The deputy commissioner, however, did find claimant to be under-compensated for the second period, from August 15 to September 6, 2015.

Regarding the December 2015 injury and claim, the deputy commissioner refused to address claimant's contention at the hearing that the prior opinion incorrectly stated that the disability period ended on January 20 instead of January 22, 2016.[2] At the hearing, the deputy commissioner intimated that this argument was barred by *res judicata* because claimant failed to appeal the prior decision. The matter was not addressed in the subsequent opinion. The deputy commissioner, however, did find claimant to be under-compensated for this period of disability as well.

Between the two periods, the deputy commissioner determined that, prior to the claim for benefits, claimant had not been compensated for 187.43 hours of disability. The deputy

---

[2] This period is important for not just the potential of two extra days of compensation, but because it determines whether the period of disability was more or less than three weeks. Therefore, whether the period extended to January 20 or 22 is determinative of nine days' compensation. See Code § 65.2-509.

- 4 -

commissioner then credited employer for 134.98 hours of sick leave which employer granted claimant during the pendency of the claim for benefits. Accordingly, the deputy commissioner determined that claimant remained under-compensated for 52.45 hours of disability and ordered employer to either credit claimant that much sick leave or pay $1,278.49 as compensation.

Claimant requested review by the Commission; employer did not. On review, claimant argued that the deputy commissioner was wrong to apply the doctrine of *res judicata* to the July 15 to August 14, 2015 period of disability. Claimant also contended that the deputy commissioner erred in allowing employer to credit him with sick leave in lieu of financial compensation because of the tax consequences.[3] Lastly, claimant asked the Commission to sanction employer for its "brazen conduct displayed over the past three years" in refusing to fully compensate him for either period of disability.

On January 3, 2019, the Commission issued a review opinion affirming the deputy commissioner. The Commission agreed that *res judicata* barred any re-litigation of whether claimant was correctly compensated for the period between July 15 and August 14, 2015. Second, the Commission found no error in awarding sick leave in lieu of financial compensation because sick leave results in *higher* compensation. The Commission explained that, while sick leave is taxable, it also reimburses 100% of the employee's wages. Disability benefits, on the other hand, equate to only 66.66% of the employee's wages. Therefore, the Commission explained, claimant received higher compensation when he received sick leave. Lastly, the Commission found "no evidence of conduct by the employer that is subject to sanctions" because there was a legitimate dispute over payment.

---

[3] Claimant noted that workers' compensation payments are non-taxable while compensation derived from sick leave is taxable.

## II. STANDARD OF REVIEW

"Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Starbucks Coffee Co. v. Shy, 61 Va. App. 229, 238 (2012) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229 (1991)). The Commission's legal determinations, however, "are not binding on appeal and will be reviewed *de novo*." Id. (quoting Wainwright v. Newport News Shipbuilding and Dry Dock Co., 50 Va. App. 421, 430 (2007)).

## III. ANALYSIS

### A. The Period of Claimant's Disability in January 2016

Claimant contends that the deputy commissioner erred in his February 23, 2017 opinion when the deputy commissioner found that claimant's period of disability extended only to January 20, 2016, instead of January 22, 2016. In support, claimant points to the worker's status report completed on January 20 that states he was cleared to resume full-duty beginning on January 22, 2016. Claimant contends that he was unaware of the February 23, 2017 ruling until December 18, 2017—when employer cited it as a basis to deny compensation for January 20 and 21. Claimant asks this Court to review the deputy commissioner's factual finding in a separate proceeding initiated twenty-one months after the finding was made. This, the Court cannot do.

"The doctrine of *res judicata* is applicable to decisions of deputy commissioners and the full commission. . . . [and] precludes the re-litigation of a claim or issue once a final determination on the merits has been reached." Levy v. Wegmans Food Markets, Inc., 68 Va. App. 575, 579 (2018) (quoting Pruden v. Plasser Am. Corp., 45 Va. App. 566, 573 (2005)). An award of benefits is a final judgment on the merits of a claim. See Shy, 61 Va. App. at 240. "Absent fraud or mistake, 'the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission.'" Pruden, 45 Va. App. at

573 (quoting K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219 (1985)). If a party failed to seek timely review of a final judgment of the Commission, allegations of fraud or mistake may be asserted through a motion to vacate filed with the Commission. See Harris v. Diamond Const. Co., 184 Va. 711, 717 (1946); see also Shy, 61 Va. App. at 240 ("Starbucks did not seek review of that order or move to have it vacated . . . ."). The doctrine of *res judicata*, however, remains applicable unless and until such a motion to vacate the judgment is granted. The applicability of *res judicata* is a question of law this Court reviews *de novo*. Levy, 68 Va. App. at 579.

In the February 23, 2017 opinion, the deputy commissioner ruled as follows:

> Upon consideration of the medical evidence of record, we find Claimant has proven a period of temporary total disability related to his injury from December 31, 2015, when Dr. Islam placed Claimant in a no work status, through January 20, 2016, when he was evaluated by Dr. Clifford and returned to full duty. We find no medical evidence to support any periods of disability after January 20, 2016.

Employer appealed this opinion of the deputy commissioner, assigning error to the determination that claimant suffered an accidental injury arising out of the scope of his employment. Claimant did not file his own appeal or assign cross-error to the deputy commissioner's finding that the disability period ended on January 20, 2016. On June 21, 2017, the Commission issued a review opinion affirming the deputy commissioner's opinion. Neither party appealed the Commission's review opinion. Therefore, this judgment was final long before claimant initiated the current proceedings on November 1, 2017.

As a final judgment, it has preclusive effect and bars any reconsideration of the deputy commissioner's finding that the disability period ended on January 20, 2016. To the extent that claimant asserts that the judgment contains a mistake or was based upon fraudulent action by the employer, that must be litigated through a motion to vacate the original award which is filed with

the Commission. This Court has no authority, in a subsequent claim for benefits, to revisit the factual findings of a judgment that has become final.

B. The Commission's Alleged Failure to Provide a Fair and Sufficient Explanation

Claimant contends that the Commission failed to provide a fair and sufficient explanation of its ruling in light of the fact that he proceeded *pro se*. Claimant marshals a myriad of arguments in support of his claim, to include alleged violations of his rights to procedural due process, substantive due process, and equal protection under the law. Claimant, however, has procedurally waived these arguments.

"No ruling of . . . the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or . . . to attain the ends of justice." Rule 5A:18. This rule is "based on the principle that a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review." Williams v. Cty. of Gloucester Sheriff's Dep't, 266 Va. 409, 411 (2003) (quoting Reid v. Baumgardner, 217 Va. 769, 773 (1977)). It exists "to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials." Id. (quoting Reid v. Boyle, 259 Va. 356, 372 (2000)). The procedural bar of Rule 5A:18 applies even to constitutional claims. Overhead Door Co. of Norfolk v. Lewis, 29 Va. App. 52, 62 (1999) (citing Deal v. Commonwealth, 15 Va. App. 157, 161 (1992)). Even if an alleged error does not arise until the ruling of the Commission, the issue will be deemed waived if the appellant failed to file a motion to reconsider with the Commission. Williams, 266 Va. at 411 (citing Lewis, 29 Va. App. at 62).

Claimant failed to raise any of his arguments to either the deputy commissioner or the Commission at the time his case was heard. Nor did claimant file a motion to reconsider with the Commission alleging these errors. Therefore, each of these arguments is procedurally forfeited and this Court declines to consider them.

## C. The Commission's Determination on Sanctions

Claimant contends that the Commission erred when it failed to sanction employer for its allegedly "brazen" conduct in failing to provide him full compensation. As a quasi-judicial body, the Commission has the power of contempt over those in disobedience of its lawful orders as a concomitant of judicial power. Hudock v. Indus. Comm'n of Virginia, 1 Va. App. 474, 481 (1986). The exercise, or lack thereof, of a tribunal's contempt power is reviewed under an abuse of discretion standard. See Mills v. Mills, 70 Va. App. 362, 373 (2019). "An abuse of discretion occurs only when 'reasonable jurists' could not disagree as to the proper decision. Hamad v. Hamad, 61 Va. App. 593, 607 (2013) (citing Brandau v. Brandau, 52 Va. App. 632, 641 (2008)).

The Commission did not abuse its discretion in declining to sanction employer. There was a dispute over whether employer had fully compensated claimant. Ultimately, the Commission ruled that employer had not done so. But, that does not mandate that sanctions be imposed. The employer had provided claimant partial compensation. It also presented a colorable argument to the Commission as to why it believed that it had provided full compensation. Furthermore, the Commission ruled that claimant received full compensation during the period between July 15 and August 14, 2015. Additionally, as discussed above, claimant's argument that he was entitled to an additional week of compensation in January 2016 because of an alleged mistake by the deputy commissioner is barred by *res judicata* principles. Therefore, neither of claimant's arguments regarding those two issues formed a valid basis to seek sanctions.

Given these circumstances, the Commission did not abuse its discretion in determining that no sanctions were warranted.

## IV. CONCLUSION

Claimant's argument that his period of disability in January 2016 was incorrectly calculated is barred by the principles of *res judicata*. His contentions that the Commission violated his constitutional rights by not affording him a fair and sufficient explanation of its decision are procedurally defaulted. And, the Commission did not abuse its discretion in denying claimant's motion to sanction employer. Therefore, this Court affirms the rulings of the Commission.

<u>Affirmed.</u>