Present:  All the Justices

JEFFREY L. WILLIAMS

v.  Record No. 022213    OPINION BY JUSTICE ELIZABETH B. LACY
                                    October 31, 2003
GLOUCESTER (COUNTY OF) SHERIFF'S
DEPARTMENT, ET AL.

                FROM THE COURT OF APPEALS OF VIRGINIA

     The issue in this appeal is whether the contemporaneous

objection rule prohibits a party from appealing a decision of

the Workers' Compensation Commission rendered on grounds

neither raised nor previously addressed in the proceedings, if

an objection to that decision was not made the subject of a

motion for rehearing or reconsideration before the Commission.

     Jeffrey L. Williams sought workers' compensation benefits

for heart disease he claimed he developed while employed by

the Gloucester County Sheriff's Department.  A deputy

commissioner denied his claim, and Williams sought review of

this decision by the full Commission.  The Commission affirmed

the decision of the deputy commissioner, but on different

grounds.  The Commission determined that Williams' last

"injurious exposure" occurred while he was employed by the

Virginia Peninsula Regional Jail Authority, not the Gloucester

County Sheriff's Department, and therefore, that Williams was

not entitled to benefits from the Sheriff's Department.

Williams appealed the Commission's decision to the Court of Appeals, asserting that the Commission erred in denying benefits based on its conclusions regarding Williams' last injurious exposure. The Court of Appeals in an unpublished memorandum per curiam opinion refused to consider Williams' appeal, holding that Williams failed to preserve the issue for appeal because he did not file a motion for reconsideration raising this issue before the Commission. This failure, according to the Court of Appeals, deprived the Commission of the opportunity to correct the alleged error and thus violated the principles associated with the contemporaneous objection rule, Rule 5A:18. Accordingly, the Court of Appeals affirmed the Commission's decision. Jeffrey L. Williams v. Gloucester (County of) Sheriff's Department and Virginia Municipal Group Self-Insurance Association, No. 0905-02-4 (August 27, 2002) (memorandum per curiam).

In this appeal, Williams argues that because the basis for the Commission's decision was not raised, litigated, or in any way considered as an issue in the case prior to the issuance of the Commission's decision, because there is no formal procedure for filing a motion for reconsideration before the Commission, and because such motion does not stay the time for filing an appeal, the Court of Appeals should not

have applied Rule 5A:18 to bar his appeal.  We disagree with Williams.

The contemporaneous objection rule, embodied in Rule 5A:18 in the Court of Appeals and Rule 5:25 in this Court, is based on the principle that a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review.  Reid v. Baumgardner, 217 Va. 769, 773, 232 S.E.2d 778, 781 (1977).  The contemporaneous objection rules in each court exist "to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials."  Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)).  These rules are not limited to evidentiary rulings and require objection while the tribunal is in a position to correct a claimed error.  Id.; Reid v. Baumgardner, 217 Va. at 774, 232 S.E.2d at 781.

Williams is correct when he states that the Rules of the Commission do not contain specific procedures for a motion for rehearing or motion to reconsider; nevertheless such motions are not uncommon, and the Commission may vacate the original decision pending consideration of such a motion.  Hamilton v.

3

Basic Construction Company, 77 O.I.C. 245, 247 (1998).  Even if the original decision is not vacated, filing a motion for reconsideration does not impair a litigant's right to pursue a timely appeal.

Finally, the requirement that a litigant file a motion for rehearing or reconsideration to preserve an issue for appeal under these circumstances is not a new requirement. The Court of Appeals has consistently held that the failure to file such motions under these circumstances bars raising the issue on appeal.  Henrico County Public Utilities v. Taylor, 34 Va. App. 233, 241-42 n.4, 540 S.E.2d 501, 506 n.4 (2001); Overhead Door Co. of Norfolk v. Lewis, 29 Va. App. 52, 62, 509 S.E.2d 535, 539-40 (1999).

For these reasons, we conclude that the Court of Appeals did not err in applying Rule 5A:18 in this case and holding that Williams failed to preserve the issues he sought to raise in his appeal.  Accordingly, we affirm the judgment of the Court of Appeals.

Affirmed.