COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Willis


FAMILY CARE HOME HEALTH, INC. AND
  AMCOMP ASSURANCE CORPORATION

MEMORANDUM OPINION[*]
PER CURIAM
AUGUST 10, 2004

v.      Record No. 0823-04-3

SUSAN C. NYE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(S. Vernon Priddy III; Cecil H. Creasey, Jr.; Sands Anderson Marks &
Miller, on brief), for appellants.

(Wanda A. Dotson; George L. Townsend; Chandler, Franklin &
O'Bryan, on brief), for appellee.


Family Care Home Health, Inc. and its insurer appeal a decision of the Workers'

Compensation Commission awarding compensation benefits to Susan Nye (claimant), and

finding that (1) she was entitled to temporary partial disability benefits for the period from July

18, 2002 through July 31, 2002[1]; and (2) she made a good faith effort to market her residual

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Employer argues for the first time on appeal that the commission incorrectly recited claimant's pre-injury average weekly wage on page six of its opinion, substituting claimant's workers' compensation rate for her pre-injury combined average weekly wage. Employer contends this error formed the only reason the commission excused claimant from returning to Progressive Nursing to seek work and concluded that she had no obligation to market her residual work capacity during the period from July 18, 2002 through July 31, 2002. Employer did not raise this argument before the commission in a motion for rehearing or a motion for reconsideration so as to allow the commission the opportunity to address it and to correct any perceived error. Accordingly, we are barred from considering it for the first time on appeal. See Williams v. Gloucester Sheriff's Dept., 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003); Rule 5A:18. Moreover, our review of the commission's opinion reveals that its misstatement of claimant's pre-injury average weekly wage on page six of its opinion was not the sole basis for its decision to award claimant temporary partial disability benefits for the period from July 18, 2002 through July 31, 2002. In addition, in the award section of its opinion, the commission

work capacity during the period from December 15, 2002 through June 24, 2003.  We have reviewed the record and the commission's opinion and find no reversible error.  Accordingly, we affirm for the reasons stated by the commission in its final opinion.  <u>See</u> <u>Nye v. Family Care Home Health, Inc.</u>, VWC File No. 211-66-13 (Mar. 5, 2004).  We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.  <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>

---

correctly calculated claimant's temporary partial disability benefits for that period using her pre-injury average weekly wage of $500.79.