COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Clements and McClanahan
Argued at Richmond, Virginia


ATLANTIC PLYWOOD CORPORATION AND
 LUMBER MUTUAL INSURANCE COMPANY

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2328-04-2                JUDGE RUDOLPH BUMGARDNER, III
                                                        MARCH 22, 2005
JEFFREY HOWARD MOORE


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Angela C. Fleming (James G. Muncie; Midkiff, Muncie and
            Ross, P.C., on brief), for appellants.

            No brief or argument for appellee.

        Atlantic Plywood Corporation and Lumber Mutual Insurance Company appeal the

decision of the Workers' Compensation Commission to vacate its approval of a Termination of

Wage Loss Award Agreement.  The employer maintains the commission erred because the

worker withdrew his consent to the agreement more than 20 days after the commission approved

it.  We affirm the commission because the employer did not preserve the issue for appeal.

        Jeffrey Howard Moore was injured May 18, 2000, and the commission entered an agreed

award.  The parties executed and submitted to the commission on June 21, 2004 a Termination of

Wage Loss Award.  The commission approved the agreement June 30, 2004.  Twenty-two days

later, the commission received a letter from the worker withdrawing his consent to the

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

termination.[1]  The commission found the worker made a proper Request for Review and vacated its approval of the termination.

A party may withdraw consent to a termination agreement prior to the commission's approval of it.  Watts v. P & J Hauling, Inc., 41 Va. App. 278, 284, 584 S.E.2d 457, 460 (2003). If the commission has approved the termination agreement, the party must request to withdraw consent within 20 days of that approval.  Sovran Financial Corp. v. Nanney, 12 Va. App. 1156, 1161, 408 S.E.2d 266, 269 (1991).  After that 20 days, a petition to withdraw consent must allege fraud, mistake, or imposition.  Harris v. Diamond Const. Co., 184 Va. 711, 721, 36 S.E.2d 573, 577 (1946).

The employer contends the worker withdrew consent more than 20 days after the commission approved the termination agreement.  However, the employer did not raise the issue before the commission.  "No ruling of . . . the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ."  Rule 5A:18.

Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 410, 587 S.E.2d 546, 547 (2003), affirmed this Court's refusal to consider an argument that was "neither raised nor previously addressed in the proceedings" before the commission.  "The contemporaneous objection rule . . . is based on the principle that a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review."  Id. at 411, 587 S.E.2d at 548.  The Court noted that even though the commission's rules "do not contain specific procedures for a motion for rehearing or motion to reconsider . . .

---

[1] The letter stated, "I want to appeal/withdraw a consent of termination of lost wage award.  Because I do not believe the compensation amounts are correct.  Given misleading reason by adjuster for signing."

such motions are not uncommon," and they are the established method to preserve an issue for appeal.  Id.

The issue and the arguments now raised on appeal were not raised before or addressed by the commission.  We affirm the commission because we do not address them for the first time on appeal.  Rule 5A:18.[2]

Affirmed.

---

[2] Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, but the employer did not invoke these exceptions.  See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).  We find nothing in the record to support an argument of miscarriage of justice.