COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Willis


CAMPBELL GIBBONS & ASSOCIATES, INC. AND
 ZURICH AMERICAN INSURANCE COMPANY

                                                    MEMORANDUM OPINION[*]
v.       Record No. 0686-05-2                              PER CURIAM
                                                         JULY 5, 2005
LARRY YOUNG


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Iris W. Redmond; Brian J. McNamara; Midkiff, Muncie & Ross,
             P.C., on brief), for appellants.

             (Edmund R. Michie, on brief), for appellee.


        Campbell Gibbons & Associates, Inc. and its insurer (hereinafter referred to as

"employer") appeal a decision of the Workers' Compensation Commission finding that Larry

Young (claimant) proved his September 11, 2003 injury by accident arose out of his

employment.[1]  We have reviewed the record and find no reversible error.  Accordingly, we

affirm for the reasons stated by the commission in its final opinion.  See Young v. Campbell

Gibbons & Associates, Inc., VWC File No. 216-32-34 (Feb. 15, 2005).  We dispense with oral

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Employer also contends that the commission erred in awarding claimant temporary total
disability benefits for the period from November 21, 2003 through January 8, 2004.  Employer
concedes that it stipulated to an award of benefits for that period of time, but contends that the
doctrine of imposition applies because as it was "focused on the compensability of the injury the
release date of the claimant per his medical records was overlooked and a stipulation mistakenly
entered with regard to his disability periods."  This argument was not raised before nor
considered by the commission.  Accordingly, we will not consider it for the first time on appeal.
See Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 410, 587 S.E.2d 546, 547 (2003);
Rule 5A:18.  Employer did not invoke the "good cause" or "ends of justice" exceptions to
Rule 5A:18, and we find nothing in the record to support an argument that a miscarriage of
justice occurred.

argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.  See Code § 17.1-403; Rule 5A:27.

Affirmed.