COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Fitzpatrick


TERRENCE ALLEN McCRADY

                                                      MEMORANDUM OPINION[*]
v.        Record No. 0571-06-3                              PER CURIAM
                                                        NOVEMBER 7, 2006
VALLEY REDI MIX CO., INC. AND
 COMPANION PROPERTY & CASUALTY
 INSURANCE CO.


                  FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Terrence A. McCrady, *pro se*, on brief).

             (Frederick T. Schubert; Angela C. Fleming; Midkiff, Muncie &
             Ross, P.C., on brief), for appellees.


        Terrence Allen McCrady (claimant) appeals a decision of the Workers' Compensation

Commission denying his claim for benefits.  In his claim, appellant alleged he sustained an

injury by accident on September 23, 2003, when he was assaulted by his supervisor, which

resulted in his emotional distress.[1]  In its February 7, 2006 opinion, the commission ruled that

(1) even accepting as accurate claimant's testimony and evidence regarding the September 23,

2003 altercation, he failed to prove the type of "shock or fright" necessary for establishing an

emotional injury claim associated with that incident; and (2) to the extent claimant sought

benefits associated with his termination in December 2003, no such benefits were awardable as

purely psychological disability resulting from disagreements over managerial decisions and

------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Claimant stipulated before the commission that he was not claiming physical injury.

conflicts with supervisory personnel resulting in purely psychological disability are not compensable.

On appeal, claimant contends (1) the commission erred in denying him a remedy where his civil suit was barred under the exclusivity provisions of the Workers' Compensation Act; (2) the deputy commissioner had an obligation to ask him at the hearing whether he experienced "sudden shock or fright"; (3) it was not mandatory for him to formally aver "sudden shock or fright" in his claim for it to be compensable; (4) he was not required to formally request benefits associated with an occupational disease as opposed to an injury by accident, in order to be compensated under the Act; and (5) he was not required to prove that he was "medically removed from work to receive compensation," where he was unemployed.

Claimant did not preserve questions (1) and (2) for appellate review. With respect to question (1), while claimant raised this argument before the full commission on review, the commission did not address it in its February 7, 2006 opinion and claimant failed to obtain any ruling on this issue thereafter. He did not file a motion for reconsideration or rehearing so as to allow the commission the opportunity to address that issue and to correct any perceived error. Accordingly, we are barred from considering it for the first time on appeal. See Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003); Rule 5A:18.

With respect to question (2), we have reviewed the record and the citations provided by claimant as to where he preserved this question for appellate review, but have not found that the question was raised before the commission. Thus, we will not consider it for the first time on appeal. See Rule 5A:18.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might

have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Assuming without deciding that claimant has preserved the issues raised by questions (3) and (4), we have reviewed the record and the commission's opinion and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion. See McCrady v. Valley Redi Mix Co., Inc., VWC File No. 220-62-75 (Feb. 7, 2006). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Finally, in light of our summarily affirming the commission's opinion with respect to the compensability issues, we need not address the disability issue raised by claimant in question (5).

Affirmed.