COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, McClanahan and Senior Judge Willis


CLEAN SCAPE, INC.

MEMORANDUM OPINION[*]
v.      Record No. 1480-07-4                                      PER CURIAM
                                                                 DECEMBER 4, 2007
FRANCISCO GABRIEL RAMIREZ-GUTIERREZ


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (Arturo H. Hernandez, on brief), for appellant.

        (W. Geovanni Munoz; Daniel P. Barrera; The Chandler Law Group,
        on brief), for appellee.


        Clean Scape, Inc. (employer) appeals a decision of the Workers' Compensation

Commission finding that (1) Francisco Gabriel Ramirez-Gutierrez (claimant) proved he

sustained an injury by accident arising out of and in the course of his employment on January 12,

2006; (2) employer had three or more employees, and is subject to the provisions of the

Workers' Compensation Act; (3) the deputy commissioner assessed a reasonable penalty of

$5,000 for employer's failure to comply with the provisions of Code § 65.2-800 or § 65.2-804;

and (4) claimant remains disabled from performing his pre-injury work.[1]

        On appeal, employer presents three questions labeled A, B, and C as follows:  Whether

the commission abused its discretion in (A) finding claimant's testimony credible; (B) relying on

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Employer does not challenge the commission's imposition of the penalty or its finding
with respect to claimant's disability.  In addition, employer does not specifically appeal the
merits of the commission's finding that employer employed three or more persons.  Rather,
employer raises an evidentiary issue in Question (B) related to that finding, which employer did
not raise on review before the full commission.

evidence not in the record in determining that employer had three employees; and (C) finding

that claimant was an employee and not an independent contractor.

Employer did not preserve its arguments with respect to Questions (B) and (C) for

appellate review. Employer did not raise Question (B) before the full commission on review

and, therefore, we will not consider it on appeal. See Rule 5A:18. The full commission did not

address Question (C), with regard to whether claimant was an employee or an independent

contractor, and employer did not file a motion for reconsideration or rehearing requesting that

the commission address that issue. Thus, Rule 5A:18 bars our consideration of that issue

because employer did not provide the commission with the opportunity to correct any perceived

error. See Williams v. Gloucester Sheriff's Dep't, 266 Va. 400, 411, 587 S.E.2d 546, 548

(2003).

> Although Rule 5A:18 allows exceptions for good cause or
> to meet the ends of justice, [employer] does not argue that we
> should invoke these exceptions. See e.g., Redman v.
> Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272
> (1997) ("In order to avail oneself of the exception, a *defendant
> must affirmatively show* that a miscarriage of justice has occurred,
> not that a miscarriage might have occurred." (emphasis added)).
> We will not consider, *sua sponte*, a "miscarriage of justice"
> argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

With respect to Question (A), we defer to the credibility findings of the commission.

Accordingly, we hold that this appeal is without merit as to that question and we must affirm for

the reasons stated by the commission in its final opinion. See Ramirez-Gutierrez v. Clean

Scape, Inc., VWC File No. 227-72-99 (June 1, 2007).[2] We dispense with oral argument and

summarily affirm because the facts and legal contentions are adequately presented in the

---

[2] In summarily affirming the commission's finding that claimant sustained a compensable injury by accident, we did not consider employer's argument that the deputy commissioner erred in not admitting employer's Exhibits numbered 3, 4, 5, and 6 into evidence. While employer

- 2-

materials before the Court and argument would not aid the decisional process.  See Code

§ 17.1-403; Rule 5A:27.

We grant claimant's request for an award of costs incurred in this appeal, including

attorney's fees, and remand to the commission for it to determine the amount of such award.[3]

Affirmed and remanded.

raised that issue in its written statement on review before the full commission, employer failed to obtain any ruling from the commission on that issue and failed to file a motion for reconsideration or rehearing requesting that the commission address it.  Rule 5A:18 bars our consideration of this issue because employer did not provide the commission with the opportunity to correct any perceived error.  See Williams, 266 Va. at 411, 587 S.E.2d at 548.

[3] In addition, the commission, not this Court, is the proper forum for claimant to raise his request for interest on the award pursuant to Code § 65.2-707.