COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Senior Judge Fitzpatrick


RICKY B'S, INC. AND
  NORTHWESTERN NATIONAL
  CASUALTY COMPANY

                                                    MEMORANDUM OPINION[*]
v.        Record No. 2704-07-1                           PER CURIAM
                                                        MARCH 11, 2008
LORRIE DIANNE SMITH


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Richard A. Hobson, on brief), for appellants.

            (David L. Horne; D. Rossen S. Greene; Pender & Coward, P.C., on
            brief), for appellee.


        Ricky B's, Inc. and its insurer appeal a decision of the Workers' Compensation

Commission awarding Lorrie Dianne Smith permanent partial disability benefits for a

twenty-five percent impairment of her right upper extremity and a seventeen percent impairment

of her left upper extremity based on the opinions of Dr. Lisa B. Barr.  We have reviewed the

record and the commission's opinion and find that this appeal is without merit.  Accordingly, we

affirm for the reasons stated by the commission in its final opinion.  See Smith v. Rick's Cafe,

VWC File No. 210-23-70 (Oct. 26, 2007).  We dispense with oral argument and summarily

affirm because the facts and legal contentions are adequately presented in the materials before

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the Court and argument would not aid the decisional process.  See Code § 17.1-403; Rule

5A:27.[1]

                                                                          Affirmed.

_____

[1] We note that in addition to its other arguments, employer asserts in the argument section of its opening brief that the commission erred in failing to address employer's allegation that claimant's counsel's *ex parte* conferences with Dr. Barr amounted to coaching of a key witness, which rendered Dr. Barr's opinions incredible.  Employer failed to include that precise issue in its questions presented, and, therefore, we decline to consider it on appeal.  See Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declined to consider "an issue not expressly stated among the 'questions presented'").  Furthermore, employer failed to timely file a motion for reconsideration or rehearing after the commission rendered its October 26, 2007 opinion in order to alert the commission to its failure to address that issue, and thereby provide it with an opportunity to correct any perceived error.  Thus, Rule 5A:18 bars our consideration of that issue.  See Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003).  Employer does not argue that we should invoke the exceptions to Rule 5A:18, and we decline to do so *sua sponte*.  Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).