COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Fitzpatrick


ANGLER CONSTRUCTION COMPANY LLC AND
  VIRGINIA CONTRACTORS GROUP
  SELF-INSURANCE ASSOCIATION
                                                    MEMORANDUM OPINION[*]
v.        Record No. 0291-08-3                          PER CURIAM
                                                        JUNE 10, 2008
REBEL STARR BLANKENBERG


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (J. David Griffin; Winchester Law Group, P.C., on brief), for
              appellants.

              (Rebel Starr Blankenberg, *pro se*, on brief).


        Angler Construction Company LLC and its insurer (hereinafter referred to as

"employer") appeal a decision of the Workers' Compensation Commission finding that Rebel

Starr Blankenberg (claimant) proved (1) she has been totally disabled since November 3, 2006,

as a result of her compensable September 22, 2006 injury by accident, and awarding her

temporary total disability benefits beginning November 3, 2006 and continuing; and (2) she

suffers from post-traumatic headaches causally related to her September 22, 2006 compensable

injury by accident.  We have reviewed the record and the commission's opinion and find that this

appeal is without merit.  Accordingly, we affirm for the reasons stated by the commission in its

final opinion.  See Blankenberg v. Angler Constr. Co. LLC, VWC File No. 230-32-30 (Jan. 15,

2008).  We dispense with oral argument and summarily affirm because the facts and legal

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

contentions are adequately presented in the materials before the Court and argument would not

aid the decisional process. See Code § 17.1-403; Rule 5A:27.[1]

Affirmed.

---

[1] In summarily affirming the commission's decision, we did not consider that portion of employer's argument related to Question Presented 1, in which employer contended that the commission erroneously considered certain documents that were not a part of the record, including Dr. Kimberly H. Salata's April 10, 2007 medical record, an April 20, 2007 "Nursing F/U visit- Injection: Toradal" note from Dr. J. Sherry's office, and the April 30, 2007 responses of Sally Dameron, NP, to a questionnaire from Betty Overby, R.N., addressed to Dr. Sherry. Employer never made the argument it raises in Question Presented 1 with respect to those particular documents before the commission. Therefore, employer failed to provide the commission with the opportunity to correct any perceived error. Employer could have alerted the commission to this issue by filing a timely motion for rehearing or reconsideration after the commission rendered its January 15, 2008 review opinion, in which it discussed those documents. However, employer failed to do so. Thus, employer failed to preserve for appellate review its assertion that the commission erroneously considered those documents, and we will not address that argument for the first time on appeal. See Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003); Rule 5A:18. With respect to that portion of employer's argument related to Question Presented 1, in which employer contends the commission erroneously considered certain information and standards of the American Psychiatric Association referred to by claimant in her written statement filed on review, we conclude that employer preserved that particular argument for appellate review by raising it in its written statement filed on review before the commission. However, we find no merit in it. Contrary to employer's contention, our review of the commission's January 15, 2008 opinion does not indicate that the commission specifically relied on or evaluated that information in rendering its decision.