COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


DONALD B. KELLUM, III

MEMORANDUM OPINION[*]

v.        Record No. 0753-08-2

PER CURIAM

AUGUST 12, 2008

W.J. RAPP COMPANY, INC. AND
   COMMONWEALTH CONTRACTORS GROUP
   SELF-INSURANCE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Stephen T. Harper; Kerns, Kastenbaum & Reinhardt, on brief), for
appellant.

(R. Ferrell Newman; Newman & Wright, on brief), for appellees.


Donald B. Kellum, III (claimant) appeals a decision of the Workers' Compensation

Commission setting aside his outstanding March 17, 2006 award based on the commission's

finding that claimant procured that award by fraud.  On appeal, the sole question raised by

claimant is whether the commission erred by "set[ting] aside/vacat[ing]" the outstanding award

instead of "terminating" it, as requested by W.J. Rapp Company, Inc. and its insurer (hereinafter

collectively referred to as "employer").  Claimant argues that the commission went beyond the

relief requested by employer and, thereby, ignored claimant's due process rights.  Because we

conclude claimant is procedurally barred from raising this question, we summarily affirm the

commission's decision.

The record shows that at no time before the commission issued its February 27, 2008

opinion did claimant raise the question or argument he now raises.  Furthermore, the record does

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

not support claimant's assertion that he was deprived of an opportunity to oppose the remedy entered by the commission. Instead, claimant failed to exercise that opportunity by not filing a timely motion for reconsideration or rehearing after the commission rendered its February 27, 2008 opinion, in order to alert the commission to his contention that the award should have been "terminated" - not set aside or vacated, and thereby provide the commission with an opportunity to correct any perceived error. Rule 5A:18 bars our consideration of this question for the first time on appeal. See Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003). Claimant does not argue that we should invoke the exceptions to Rule 5A:18, and we decline to do so *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).[1]

Accordingly, we dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.

---

[1] Claimant cites to page 141 of the joint appendix, which is a copy of his letter to the commission enclosing his notice of appeal, appeal bond, and original notice of filing bond, as the place where he preserved this question for appellate consideration. That letter obviously did not preserve for appellate review the question claimant now raises. Furthermore, listing an issue in a notice of appeal does not properly bring the issue to the commission's attention or preserve the issue for appeal. See Rule 5A:18.