COURT OF APPEALS OF VIRGINIA


Present:   Judge Haley, Senior Judge Coleman and Retired Judge Hodges*


EURO COMPOSITES CORPORATION AND
   COMPANION PROPERTY & CASUALTY
   INSURANCE COMPANY

                                                    MEMORANDUM OPINION**
v.        Record No. 1043-08-2                           PER CURIAM
                                                    SEPTEMBER 16, 2008
WILLIAM FREDERICK LEKEBUSCH


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Charles F. Midkiff; Angela F. Gibbs; Midkiff, Muncie & Ross, P.C.,
              on briefs), for appellants.

              (Wesley G. Marshall, on brief), for appellee.


      Euro Composites Corporation and its insurer (hereinafter referred to as "employer")

appeal a decision of the Workers' Compensation Commission finding that William Frederick

Lekebusch (claimant) proved his cervical surgery was causally related to his compensable July

21, 2005 injury by accident and, therefore, employer is responsible for the costs of that surgery

and related treatment.[1]  We have reviewed the record and the commission's opinion and find that

_____

      * Retired Judge Hodges took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

      ** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

      [1] The deputy commissioner's finding that claimant sustained a contusion and swelling to
his left hand as a result of his compensable July 21, 2005 injury by accident was not appealed to
the full commission, and, is, therefore, not before us on appeal.  In addition, in summarily
affirming the commission's decision, we did not consider employer's argument that the
commission erred in finding claimant proved his cervical injury constituted an injury by
accident, i.e., that he proved he sustained an obvious, sudden structural or mechanical change to
his cervical spine on July 21, 2005.  The record shows that while employer may have asserted
that issue in its written statement filed on review, that specific issue was not raised before the
deputy commissioner, and neither the deputy commissioner nor the full commission made any

this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion. See Lekebusch v. Euro Composite Corp., VWC File No. 227-16-32 (April 3, 2008). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

We deny claimant's request for an award of his costs, expenses, and attorney's fees herein, and remand this case to the commission for the sole purpose of considering claimant's request for interest pursuant to Code § 65.2-707.

Affirmed and remanded.

specific ruling upon it. Rather, the full commission's opinion rests solely on its determination that claimant proved a causal connection existed between his cervical surgery and his compensable July 21, 2005 injury by accident. After the commission issued its April 3, 2008 opinion, employer failed to file a timely motion for reconsideration or rehearing, in order to alert the commission that it had not addressed his contention that claimant failed to prove he sustained an obvious, sudden mechanical or structural change to his cervical spine on July 21, 2005, and thereby provide the commission with an opportunity to correct any perceived error. Consequently, Rule 5A:18 bars our consideration of this question for the first time on appeal. See Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003). Employer does not argue that we should invoke the exceptions to Rule 5A:18, and we decline to do so *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

- 2 -