COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia

SELENA GUDINO

MEMORANDUM OPINION[*]
v.      Record No. 2016-11-2                       BY JUDGE D. ARTHUR KELSEY
JUNE 12, 2012
DENNIS GUDINO

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Jonathan W. Ware (Freshfields Bruckhaus Deringer US LLP,
on briefs), for appellant.

No brief or argument for appellee.

Louise A. Moore (Louise A. Moore, Esquire, LLC, on briefs),
Guardian *ad litem* for the minor children.

In this case, the circuit court entered an order compensating the guardian *ad litem* for her

work in a custody case involving the children of Selena and Dennis Gudino.  On appeal, Selena

Gudino argues the court erred in several respects.  The circuit court, however, did not address her

objections to the award because they were filed after the entry of the order.  Given the unique

circumstances of this case, we hold good cause exists to excuse wife's procedural default.  We

remand this matter to the circuit court for reconsideration of its fee award.

I.

The divorce of Selena and Dennis Gudino involved various cases litigated in the

Chesterfield Circuit Court, including a divorce and equitable distribution case (No. CL10-2086)

and several *de novo* appeals from the Chesterfield Juvenile and Domestic Relations District

Court:  namely, a custody dispute (No. CJ10C-12) and two cases involving support and attorney

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

fees (Nos. CL10J-339 and CL10J-2336). The circuit court appointed a guardian *ad litem* (GAL) for the parties' three children in the custody dispute and awarded fees to the GAL for her representation of the children. Wife appealed the circuit court's custody decision on various grounds, including the appointment of the GAL and the apportionment of her fees. In an unpublished opinion, we affirmed the circuit court. See Gudino v. Gudino, No. 0068-11-2, 2011 Va. App. LEXIS 327 (Nov. 1, 2011) (hereinafter Gudino I).

On August 22, 2011, while Gudino I was on appeal to us, the GAL attended an evidentiary hearing in the circuit court scheduled to address support, attorney fees, and equitable distribution — but not custody.[1] Nothing in the record suggests the GAL gave written notice of her intention to appear. After a recess in the hearing, the GAL orally asked the circuit court to issue an order awarding fees arising out of the custody dispute (No. CJ10C-12). She proffered a fee statement seeking $39,978.62 in fees for her work in the JDR court and circuit court. See App. at 187 (claiming unpaid fee balance was "from both Juvenile Court and the Circuit Court proceedings").

At the hearing, wife was represented by different counsel than had represented her in the custody case involving the GAL. She appeared *pro se* regarding equitable distribution issues. When the GAL made her request for fees during the hearing, neither wife nor her counsel objected. Counsel, however, reminded the court that the custody dispute was then pending on appeal and that separate counsel represented wife in that matter.

Without further discussion, the trial judge stated from the bench, "the guardian *ad litem* is going to get paid." App. at 188. At the conclusion of the hearing, the GAL asked the court to

---

[1] On December 6, 2010, the circuit court consolidated for purposes of an evidentiary hearing the custody case, the two support cases, and the divorce and equitable distribution case. Neither party has addressed whether this consolidation order affects the Rule 5A:18 analysis. Lacking any argument on this issue, we likewise do not address it.

"make a decision in terms of the guardian *ad litem* fees" and "determine which amounts will be paid by which party . . . ." Id. at 242. After learning from the court reporter that it would take three weeks to prepare a transcript, the circuit court advised the parties: "I will get you a decision, obviously, it's not going to be before the next 21 days." Id. at 244. The court directed the GAL to submit a draft order addressing her fee request. Id. at 247. The court stated the order should include a "Rule 1:13 waiver" of counsel endorsement. Id.[2] It is unclear from the court's remarks if the twenty-one-day delay period applied to all, or only some, of the orders to be issued after the hearing.

One week later, on August 29, the GAL forwarded to the court a draft order awarding her $42,866.12 in fees. The record reveals no reason for the variance from the $39,978.62 request made at the hearing a week earlier. The draft order waived the requirements of Rule 1:13 (requiring endorsement of counsel) and Rule 1:12 (requiring service on opposing counsel). The caption of the draft order identified the custody dispute by the case number (No. CJ10C-12) and listed each of the children's names.

The GAL's cover letter to the court did not state that copies had been forwarded to wife *pro se*, her counsel in Gudino I, or her counsel at the August 22 hearing. The following day, August 30, the GAL sent the same letter and draft order to the court, the only change appearing to be the inclusion of a "cc" noting that copies had been mailed to counsel appearing at the August 22 hearing — but not to wife *pro se* or to counsel representing her in Gudino I.

On September 6, the circuit court entered the GAL's draft order — six days before the end of the twenty-one-day delay period noted by the court at the August 22 hearing. The order

---

[2] "Rule 1:13 specifically provides that compliance with the rule may be modified or dispensed with by the court in its discretion." Smith v. Commonwealth, 32 Va. App. 766, 773, 531 S.E.2d 11, 15 (2000) (internal quotation marks omitted). Nothing in our opinion implies that dispensing with the requirements of Rule 1:13 should be disfavored.

- 3 -

entered by the court did not direct the clerk of court to forward copies of the entered order to the parties or their counsel, and the clerk apparently never did so.

On September 8, seventeen days after the hearing, wife filed objections to the GAL's fee request, unaware that the court had already entered an order awarding fees on September 6. Wife challenged the GAL's fee request on various grounds and asserted the circuit court had used an improper procedure to consider it. Wife initially filed her objections in the divorce case (No. CL10-2086), in which the GAL had appeared at the August 22 hearing. The next day, September 9, wife filed the same objections in the custody case (No. CJ10C-12), in which the GAL fees were incurred. Wife forwarded copies of her objections to the GAL and husband's counsel.

Sometime after wife filed her objections, she learned that the court had entered the GAL order on September 6, but had filed the order in one of the support cases, No. CL10J-339. The GAL had not been appointed in the support case, and her fee request was not related to that case. The entered order showed that the custody case number (No. CJ10C-12) had been crossed out and the support case number (No. CL10J-339) had been handwritten directly below it. On October 5, wife filed a notice of appeal in the support case (No. CL10J-339), in which the GAL order had been entered.

It appears someone — presumably in the office of the clerk of court — attempted to remedy the situation by crossing through the handwritten notation of the support case number (No. CL10J-339) and then reinserting by hand the custody case number (No. CJ10C-12). Wife thereafter amended her notice of appeal to include the custody case. The case now matures on appeal on the merits. Because the circuit court never ruled on any of the points wife raises on appeal, we directed the parties to address whether the appeal should be summarily denied on procedural default grounds.

II.

"As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal." West v. West, 53 Va. App. 125, 131, 669 S.E.2d 390, 393 (2008) (citation omitted). "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (emphasis in original).

The contemporaneous objection rule enforces a litigant's "responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review." Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003). "Errors can usually be corrected in the trial court, particularly in a bench trial, without the necessity of appeal." Bazemore v. Commonwealth, 42 Va. App. 203, 218, 590 S.E.2d 602, 609 (2004) (*en banc*) (citation omitted).

In this case, wife filed her *pro se* objections to the GAL's fee request after the circuit court entered its order. Wife did not file a motion to reconsider, nor did she request a hearing on her objections.[3] It is unclear whether the court was ever aware of wife's objections. Given that wife never requested a hearing to bring these objections to the court's attention, the court had no duty to act on the untimely objections[4] and, understandably, did not do so. Cf. Smith v. Smith,

---

[3] See Williams, 266 Va. at 411-12, 587 S.E.2d at 548 (holding failure to file a motion to reconsider waived appellate review).

[4] Except in the rarest of cases, a party filing a motion, objection, or any other request for affirmative relief, must actively seek to place the matter on the court's docket for resolution. See Morva v. Commonwealth, 278 Va. 329, 340, 683 S.E.2d 553, 559 (2009) (holding issue waived where defendant "filed a motion and a proffer" on the issue and "requested that the court continue the hearing" until a later time, but "never raised the motion again at any point before, during, or after the trial"); Juniper v. Commonwealth, 271 Va. 362, 383, 626 S.E.2d 383, 398 (2006) (holding memorandum filed with court did not require ruling because "the record reflects

18 Va. App. 427, 433, 444 S.E.2d 269, 274 (1994) (finding objection timely only because the "motion for rehearing was both filed and ruled upon within the twenty-one day period").

As a general rule, a circuit court should not be reversed on a ruling it never made.[5] Rule 5A:18, therefore, precludes appellate review of the circuit court's GAL award unless wife shows "good cause" for her untimely objection or persuades us that the "ends of justice" are so compelling that the procedural default should be excused. On appeal, wife contends both the "good cause" and "ends of justice" exceptions apply. See Appellant's Suppl. Br. at 1, 5-8.[6] We need not address the ends-of-justice exception[7] because we agree with wife that good cause exists for lifting the procedural bar of Rule 5A:18.

The good cause exception applies when the litigant "did not have the opportunity to object to an alleged error during the proceedings below." Flanagan v. Commonwealth, 58 Va. App. 681, 694, 714 S.E.2d 212, 218 (2011) (citation omitted). It does not apply when a

---

no request for a ruling or that the trial court was ever alerted to the existence of the Memorandum"); Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993) (holding "there is no ruling for us to review" where defendant requested permission to "get something on the record" but "requested no relief").

[5] Under settled waiver principles, we treat a circuit court's failure to rule no differently than an affirmative ruling later challenged on appeal. See, e.g., Lenz v. Commonwealth, 261 Va. 451, 463, 544 S.E.2d 299, 306 (2001); Buck v. Jordan, 256 Va. 535, 545-46, 508 S.E.2d 880, 885-86 (1998); Taylor v. Commonwealth, 208 Va. 316, 324, 157 S.E.2d 185, 191 (1967); Hodnett v. Stanco Masonry, 58 Va. App. 244, 254, 708 S.E.2d 429, 435 (2011); Harter v. Commonwealth, 31 Va. App. 743, 752, 525 S.E.2d 606, 610-11 (2000); Fisher, 16 Va. App. at 454, 431 S.E.2d at 890.

[6] We requested supplemental briefs on the procedural default issue. See, e.g., Branch v. Commonwealth, 42 Va. App. 665, 672 n.1, 593 S.E.2d 835, 838 n.1 (2004).

[7] The ends-of-justice doctrine serves as a "narrow" exception "used sparingly." Alford v. Commonwealth, 56 Va. App. 706, 710, 696 S.E.2d 266, 268 (2010) (citation omitted). It is never enough for a defaulting appellant "to merely assert a winning argument on the merits — for if that were enough procedural default 'would never apply, except when it does not matter.'" Id. (quoting Delaney v. Commonwealth, 55 Va. App. 64, 69, 683 S.E.2d 834, 836 (2009)). Instead, the appellant must show that a "clear, substantial, and material" miscarriage of justice *has occurred*, not merely that it "might have occurred." D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 340, 610 S.E.2d 876, 884-85 (2005) (citation omitted).

litigant "had the opportunity to object but elected not to do so," <u>Perry v. Commonwealth</u>, 58 Va. App. 655, 667, 712 S.E.2d 765, 771 (2011) (citation omitted), was merely "taken by surprise" by the trial court's decision, <u>Jones v. Commonwealth</u>, 194 Va. 273, 280, 72 S.E.2d 693, 697 (1952), or failed to obtain a ruling from a trial court on a motion or objection asserted before, during, or after trial.[8]  Nor does good cause exist when a litigant concludes an objection would be futile because the trial court had "already considered" the issue in dispute.  <u>Luck v. Commonwealth</u>, 32 Va. App. 827, 834, 531 S.E.2d 41, 44 (2000).

Despite its narrowness, however, the good cause exception applies to the *sui generis* circumstances of this case.  Seeking an award of fees arising from her appointment in a custody case then pending on appeal, the GAL appeared — apparently without any written motion or notice — in another proceeding (addressing support, attorney fees, divorce, and equitable distribution) to orally request an award of her GAL fees.  The circuit court's remarks from the bench arguably suggested all issues, including the GAL's fee request, would be decided no earlier than twenty-one days after the hearing.  The court, however, entered the GAL's draft order awarding fees fifteen days after the hearing.

In addition, presumably someone in the office of the clerk of court crossed out the correct case number and filed the order in a different case.  Weeks later, the incorrect case number was crossed out and the correct case number was reinserted.  The GAL fee award order did not direct the clerk to forward copies of the entered order to either the parties or to counsel.  Thus, neither the parties nor counsel appeared to have been aware the order had been entered in the wrong case.  When wife discovered the entry of the order, she immediately filed a notice of appeal.

---

[8] <u>See</u> <u>Galumbeck v. Lopez</u>, 283 Va. 500, 508-09, 722 S.E.2d 551, 555 (2012) (pretrial motion); <u>Williams v. Commonwealth</u>, 57 Va. App. 341, 347, 702 S.E.2d 260, 263 (2010) (pretrial motion); <u>Taylor</u>, 208 Va. at 324, 157 S.E.2d at 191 (objection during trial); <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998) (post-trial motion).

When the handwritten notation was made on the order, ostensibly refiling it in the correct case, wife amended her notice of appeal to include that case number.

Given the cascading series of missteps leading up to the twice-edited order, we believe good cause excuses wife's procedural default. This conclusion, however, does not mean we can address the merits of wife's arguments on appeal. Her challenges to the GAL's fee request mostly involve fact-specific objections to the amount of the award, the use of the proffered exhibit, and the attribution of various charges to specific proceedings. Had the GAL known of these objections prior to the court's ruling, she likely would have responded with testimony and evidence in support of her request. She may also "have been able to offer an alternative to the objectionable ruling, but did not do so, believing there was no problem." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

The circuit court, moreover, would have had an opportunity to rule on each disputed issue and could have supported its rulings with specific factual findings. See generally W. Square, L.L.C. v. Commc'n Techs., Inc., 274 Va. 425, 433-34, 649 S.E.2d 698, 702 (2007) (outlining factors governing the "reasonableness" of attorney's fee request); Schlegel v. Bank of Am., 271 Va. 542, 556, 628 S.E.2d 362, 369 (2006) (same). Given the undeveloped state of the record, we decline to address these issues for the first time on appeal.

## III.

For these reasons, we remand this case to the circuit court for reconsideration of its GAL fee award. On remand, the circuit court should conduct an evidentiary hearing and specifically rule on each of wife's objections to the award that she asserted in her objections filed on September 8 and 9.[9] We imply no opinion on the merits of wife's objections, except for her

---

[9] The circuit court need not address the reasonableness of the $175 per hour counsel fee, however, because wife withdrew this objection during oral argument on appeal. See Oral Argument Audio at 13:56 to 14:52.

assertion that admissible evidence must be offered in support of the fee request.[10] The circuit court should likewise make factual findings regarding the extent, if any, to which the fees involve the GAL's work during the appeal of <u>Gudino I</u>.[11] The circuit court should also determine whether <u>Gudino I</u> establishes the law of the case governing the proper apportionment of all or a portion of the GAL's fees.

<u>Remanded.</u>

---

[10] <u>See</u> <u>Greene v. Greene</u>, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982) (reversing fee award lacking "supporting evidence"); <u>Westbrook v. Westbrook</u>, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988) (reversing counsel fee award where there was "no evidence in the record to explain or justify the amount of the award" (citing <u>Robertson v. Robertson</u>, 215 Va. 425, 429-30, 211 S.E.2d 41, 45 (1975))); <u>see</u> <u>also</u> <u>Holmes v. LG Marion Corp.</u>, 258 Va. 473, 479, 521 S.E.2d 528, 533 (1999) (holding "the fact finder must determine *from the evidence* the amount of reasonable fees under the facts and circumstances of each particular case" (emphasis added) (citation and internal quotation marks omitted)); <u>Tazewell Oil Co. v. United Va. Bank</u>, 243 Va. 94, 112, 413 S.E.2d 611, 621 (1992) (holding expert testimony regarding reasonableness of attorney fees "was not necessary because of the affidavits and detailed time records").

[11] At oral argument on appeal, the GAL stated the fee request may have included time spent reviewing the appeal paperwork. Oral Argument Audio at 16:42 to 17:38. In her appellate brief, however, the GAL appeared to suggest the contrary. <u>See</u> GAL Appellate Br. at 8; <u>see</u> <u>also</u> App. at 187 (stating in the circuit court that the fee balance was "from both Juvenile Court and the Circuit Court proceedings").