UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Senior Judge Clements

BERNARD L. DINICOLA, JR.

v.      Record No. 0496-13-4

TARGET CORPORATION

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 22, 2013

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Bernard L. DiNicola, Jr., *pro se*, on briefs).

(Nicholas P. Marrone; Semmes, Bowen & Semmes, on brief), for appellee.


Bernard L. DiNicola, Jr. (claimant) appeals a decision of the Workers' Compensation Commission affirming the deputy commissioner's decision denying his motion to strike and denying his claim for a spinal injury.  Claimant contends (1) the commission erred by finding his claimed spinal injury was not a result of his October 15, 2004 injury by accident, (2) he was denied requested "discovery documents" prior to the deputy commissioner hearing, (3) he was prejudiced by a "wrong date of injury" in the commission's opinion, (4) he was prejudiced by an incomplete commission record, and (5) the commission's opinion "should be considered voidable" because the full commission was not in place at the time of the ruling.

Claimant, as the appellant in this matter, has the burden of showing that reversible error occurred below.  See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Under the settled law of this Commonwealth, an appellate court does not "search the record for errors" or "seek out the substance of all contentions made during the progress of a trial" or a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Workers' Compensation Commission proceeding. <u>Law v. Commonwealth</u>, 171 Va. 449, 455, 199 S.E. 516, 519 (1938); <u>see also</u> <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Rule 5A:25 thus requires claimant to file an appendix that "should generally contain everything relevant to the" assignments of error. <u>Reid v. Commonwealth</u>, 57 Va. App. 42, 49, 698 S.E.2d 269, 272 (2010). "The appendix serves this Court to evaluate the merits of [the] appellant's assigned error." <u>Id.</u>

Rule 5A:25(c) provides, in pertinent part, that "[a]n appendix shall include:" "the basic initial pleading;" "the judgment appealed from, and any memorandum or opinion relating thereto;" "any testimony and other incidents of the case germane to the assignments of error;" "the title . . . of each paper contained in the appendix, and its filing date;" and "exhibits necessary for an understanding of the case . . . ." Furthermore, "[a]s the appellant, [claimant] had the responsibility of providing this Court with an appropriate appendix" that met the requirements of Rule 5A:25 and adequately addressed his assignments of error. <u>Robinson v. Robinson</u>, 50 Va. App. 189, 197, 648 S.E.2d 314, 317 ( 2007). A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." <u>Townes v. Commonwealth</u>, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); <u>see</u> <u>also</u> <u>Francis v. Francis</u>, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

However, the appendix that appellant filed in this Court fails to include several significant documents that are necessary for addressing his assignments of error – and also includes only small, selective portions of other significant documents that are necessary for our review. Here, claimant failed to include his initial pleading in the case. He also included only pages seven and eight of the deputy commissioner's opinion, and he failed to identify those pages as such. Similarly, claimant included in the appendix only page nine of the full

commission's opinion – the decision from which he is appealing – which appellant also failed to identify in the appendix. Those pages selected by claimant reflect only a small part of the analysis conducted below and fail to encompass the deputy commissioner's or the full commission's complete rulings. Claimant did not include his motion to strike, the denial of which he now complains was error. He also included only part of his April 17, 2012 letter to the commission purporting to object to the full commission proceeding with his case with a deputy commissioner appointed to serve on the review panel in place of the absent commissioner. Claimant has failed to comply with Rule 5A:25 by utterly failing to present this Court with an adequate appendix from which to address his assignments of error on appeal.

> "The appendix is a tool vital to the function of the appellate process in Virginia . . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (*per curiam*). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Under this Court's decision in Patterson, an appendix filed pursuant to Rule 5A:25 must include "all parts of the record germane to the issues" on appeal. Id. It is plainly unacceptable for any litigant who appeals a judgment to file an appendix that fails to include several necessary documents or to include such little information in the appendix that the appendix becomes nothing more than a selective editing of what occurred below. Presenting an appendix in such a deficient manner – and, for example, including only one page of the full commission's opinion and ruling from which claimant appeals – contradicts the very purpose of filing an appendix, which is to bring to this Court's attention "those items necessary to evaluate whether the trial court [or the commission] erred." Reid, 57 Va. App. at 49, 698 S.E.2d at 272. Simply put, it is not this Court's "function to comb through the record . . . in order to ferret-out for ourselves the

validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

Accordingly, we find that appellant's failure to comply with Rule 5A:25 by filing an adequate appendix is so significant that we cannot and will not consider his arguments on appeal. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

Moreover, we note that the full commission's opinion from which claimant appeals does not address the issues raised in claimant's third through fifth assignments of error – i.e., that the commission opinions included a wrong date of injury, that the commission record is not complete, and that the full commission improperly proceeded with his case. Under the Supreme Court of Virginia's decision in Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003), if the commission does not address an issue raised by a party, the aggrieved party should move the full commission for reconsideration in order to obtain a ruling on that issue and to preserve the issue for appeal. However, claimant did not file a motion for reconsideration asking that the full commission actually make a ruling on the issues that are now raised in claimant's third, fourth, and fifth assignments of error. There was "no reason why [claimant] could not have given the commission an opportunity to correct th[e] alleged error prior to appeal." Overhead Door Co. v. Lewis, 29 Va. App. 52, 62, 509 S.E.2d 535, 539 (1999). As a result, on appeal to this Court, we have no commission ruling to review on these issues.

Accordingly, appellate review of claimant's third through fifth assignments of error is barred by Rule 5A:18. See Williams, 266 Va. at 411-12, 587 S.E.2d at 548. Furthermore, claimant has not asked this Court to invoke the good cause or ends of justice exceptions to Rule 5A:18 to permit appellate review of these assignments of error, "and we decline to do so *sua sponte*." Hampton Inn & Selective Ins. Co. of Am. v. King, 58 Va. App. 286, 301, 708 S.E.2d 450, 457 (2011).

The contemporaneous objection rule, embodied in Rule 5A:18 in the Court of Appeals . . . is based on the principle that a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review. Reid v. Baumgardner, 217 Va. 769, 773, 232 S.E.2d 778, 781 (1977). The contemporaneous objection rules . . . exist "['] to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.[']" Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)). These rules are not limited to evidentiary rulings and require objection while the tribunal is in a position to correct a claimed error. Id.; Reid v. Baumgardner, 217 Va. at 774, 232 S.E.2d at 781.

Williams, 266 Va. at 411, 587 S.E.2d at 548.

Accordingly, we summarily affirm the commission. See Code § 17.1-403; Rule 5A:27.

Affirmed.